# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROCHELLE SHIPLEY, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| QIAO HONG HUANG, JUDGE MATTHEW WOLF, JUDGE BRADLEY MOSS, JUDGE PAULA PATRICK and JACOB SPIDEL | : : : | NO. 19-654 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                         **March 28, 2019**

*Pro se* Plaintiff Rochelle Shipley has filed this civil action against Qiao Hong Huang, Judge Matthew Wolf, Judge Bradley Moss, Judge Paula Patrick, and attorney Jacob Speidel (misspelled "Spidel"). She has also filed a Motion for Leave to Proceed *In Forma Pauperis* and Motion for Injunctive Relief. For the following reasons, we shall grant Shipley leave to proceed *in forma pauperis*, dismiss her Complaint, and deny her Motion for Injunctive Relief.

## FACTS

Plaintiff's claims arise out of a state court landlord/tenant case. The state court docket reflects that on October 16, 2018, Huang, through counsel, filed a landlord/tenant complaint against Shipley.[1] Jacob Speidel subsequently entered his appearance on Shipley's behalf.[2] On December 13, 2018, Judge Moss granted a continuance of the scheduled hearing.[3] On December 20, 2018, Judge Wolf entered judgment for

---

[1] *Huang v. Shipley*, Docket No. LT-18-10-16-5294 (Phila. Mun. Ct.).

[2] *Id.*

[3] *Id.*

possession to Huang.[4]  On January 2, 2018, Huang, through counsel, filed a writ for possession.[5]  After the writ was served upon Shipley, she filed a petition to restore possession on February 5, 2019.[6]  Three days later, Judge Moss denied the petition to restore possession.[7]  Shipley then appealed to the Court of Common Pleas.[8]  On February 11, 2019, she filed an emergency motion to re-enter the home.[9]  Judge Patrick, as emergency judge, denied the motion that same day.[10]  On February 12, 2019, Judge Arnold New granted Shipley leave to proceed *in forma pauperis*.[11]  Proceedings are still pending in the Court of Common Pleas.

In her Complaint, Shipley alleges that she was "thrown out of [her] apartment without notice."[12]  She claims that she never received notice of the December 20, 2018 judgment.[13]  She further alleges that she had told Jacob Speidel that "he could not speak to anyone without [her]."[14]  She also claims that her landlord falsified information, claiming that she owed "him money for a water bill and a ten dollar fee that [she] never owed

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Huang v. Shipley*, Docket No. 190200643 (Phila. Ct. Com. Pl.).

[10] *Id.*

[11] *Id.*

[12] Compl. at 5.  We use the pagination assigned to Shipley's documents by the CM/ECF docketing system.

[13] *Id.*

[14] *Id.*

2

him."[15] Shipley also claims that the landlord refused to accept her rent on January 3, 2019.[16] She asserts that Judges Wolf and Moss conspired with Speidel "to violate [her] constitutional rights and due process rights."[17] She also suggests that these actions were taken because she is "a disabled Black woman."[18]

Based on these allegations, Shipley asserts that she is raising claims for relief pursuant to 42 U.S.C. §§ 1981, 1982, 1985(3), and 1986, as well as for violations of her constitutional rights pursuant to 42 U.S.C. § 1983.[19] She asks the Court to "have [her] put back in [her] home,"[20] award her compensation "for the false statements in the complaint that had [her] thrown out,"[21] and stay all proceedings.[22] She also seeks unspecified injunctive relief, as well as declaratory relief "against generally unconstitutional practice[s] by Defendants and discriminatory practice[s] by Defendants against the Plaintiff."[23]

## STANDARD OF REVIEW

Because it appears that she is not capable of paying the fees to commence this civil action, we shall grant Davis leave to proceed *in forma pauperis*. Pursuant to 28

---

[15] *Id.* at 8.

[16] *Id.*

[17] *Id.* at 5.

[18] *Id.* at 8.

[19] Mot. for Inj. Relief at 1.

[20] Compl. at 6.

[21] *Id.*

[22] *Id.*

[23] Mot. for Inj. Relief at 2.

3

U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Shipley Davis is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen*. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

*Claims Seeking Review and/or Stay of State Proceedings*

In essence, Shipley is seeking review of a judgment entered by the state court. The federal court lacks jurisdiction to do so.

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, this Court lacks jurisdiction over claims seeking to void concluded landlord/tenant proceedings.

Shipley's appeal is pending in the Court of Common Pleas. Shipley seeks for those proceedings to be stayed. A federal court cannot provide such relief because it

4

may not intervene in her state civil proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for Y*ounger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) (noting that "*Younger* has been applied to civil enforcement proceedings and other civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions"); *Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) (abstaining under *Younger* where state court eviction action was pending and specifically finding that eviction actions implicate important state interests because states "so extensively regulate[] . . . landlord-tenant law").

*Claims Pursuant to 42 U.S.C. § 1981*

Shipley suggests that the defendants violated her rights under 42 U.S.C. § 1981. That section provides:

> **(a)** **Statement of equal rights**
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> **(b)** **"Make and enforce contracts" defined**
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the

5

> enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> **(c)** **Protection against impairment**
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

To state a claim under § 1981, a plaintiff must allege that

> "(1) [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in [section 1981]."

*Bailey v. Harleysville Nat'l Bank & Trust Co.*, No. Civ.A. 04-1541, 2005 WL 2012024, at *5 (E.D. Pa. Aug. 22, 2005) (alteration in original) (quoting *Lewis v. J.C. Penney Co.*, 948 F. Supp. 367, 371 (D. Del. 1996)).

As an African-American woman, Shipley satisfies the first element. However, nothing in the complaint suggests that the defendants intended to discriminate against her based upon her race. Rather, Shipley relies on conclusory allegations of generalized and suspected racial bias, which are insufficient to satisfy the second element. *See id.* (citing *Flagg v. Control Data*, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992)). Accordingly, Shipley's § 1981 claims will be dismissed.[24]

---

[24] While not clear, Shipley may also be raising claims under the "full and equal benefit" clause of § 1981. Only state actors, however, can be sued under the "full and equal benefits" clause. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001) (citing cases). Here, it appears that Judges Wolf, Moss, and Patrick are the only defendants who are state actors. However, the United States Court of Appeals for the Third Circuit has noted that "[n]o private right of action lies against a state actor under § 1981." *Ford v. SEPTA*, 374 F. App'x 325, 326 (3d Cir. 2010) (internal citation omitted). Thus, "while § 1981 creates *rights*, § 1983 provides the *remedy* to enforce those rights against state actors." *McGovern v. City of Phila.*, 554 F.3d 114, 116 (3d Cir. 2009) (emphasis in original); *see also Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 723 (1989) (holding that the exclusive federal remedy against state actors for violations of rights guaranteed in § 1981 is 42 U.S.C. § 1983). Thus, Shipley's § 1981 claims are not cognizable against Judges Wolf, Moss, and Patrick. *See Campbell v. Supreme Ct. of N.J.*, No. 11-555 (ES), 2012 WL 1033308,

*Claims Pursuant to 42 U.S.C. § 1982*

Shipley suggests that the defendants violated her rights under § 1982, which states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To state a claim under § 1982, a plaintiff must allege "1) the defendant's racial animus; 2) intentional discrimination; and 3) that the defendant deprived plaintiff of [her] rights because of race." *Rose v. Rothrock*, No. 08-3884, 2009 WL 1775614, at *5 (E.D. Pa. Apr. 29, 2009) (citing *Brown*, 250 F.3d at 797) (internal citations omitted). "These elements are 'virtually identical' to those of § 1981." *Id.* (citing *Soo San Choi v. D'Appolonia*, 252 F.R.D. 266, 272 (W.D. Pa. 2008)).

Shipley's § 1982 claims fail for the same reasons her § 1981 claims do. Thus, her claims under § 1982 will also be dismissed.

*Claims Pursuant to 42 U.S.C. § 1983*

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement

---

at *14 (D.N.J. Mar. 27, 2012) (dismissing *pro se* plaintiff's § 1981 claim against a state judge because the exclusive federal remedy was provided in § 1983).

(i.e., which judges), the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179. "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

Shipley's allegations do not support a plausible conspiracy. She makes bald assertions and no facts. "Merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Because Shipley's Complaint does not provide facts supporting a plausible conspiracy among the defendants, her conspiracy claims fail.

In any event, Shipley may not proceed with her § 1983 claims against Judges Wolf, Moss, and Patrick because they are barred by absolute judicial immunity. Shipley has named these Judges as defendants based on how they presided over the landlord/tenant litigation in state court. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Hence, we shall dismiss her claims against the judges because those claims are based on actions taken in their judicial capacity.

Given the absence of factual allegations supporting the existence of a conspiracy, there is also no basis for concluding that the remaining defendants could be considered

state actors who would be subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.") (quotations and alteration omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

*Claims Pursuant to 42 U.S.C. § 1985(3)*

"[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). Although Shipley suggests that the defendants discriminated against her based upon her race, the Complaint, even liberally construed in the light most favorable to Shipley, fails to set forth any facts from which a conspiratorial agreement among the defendants can be inferred. Moreover, it does not allege any facts regarding the role of any of the defendants in such a conspiracy or any

9

overt acts taken by any defendant in furtherance of a conspiracy. Thus, Shipley's § 1985(3) claims will be dismissed.

*Claims Pursuant to 42 U.S.C. § 1986*

Finally, Shipley asserts claims pursuant to 42 U.S.C. § 1986. That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986.

"[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* We reiterate that Shipley has failed to allege the existence of a § 1985 conspiracy. Therefore, she cannot maintain a § 1986 claim against the defendants.

## CONCLUSION

Shipley has not sufficiently alleged any cause of action against any defendant. Therefore, we shall dismiss her complaint without prejudice to her right to file an amended complaint in the event that she can cure the defects noted.

/s/TIMOTHY J. SAVAGE